### V. MONFORD v. THE STATE.

*No. 1240.    Decided November 27th, 1895.*

**1.  Selling Liquor Without Occupation License—Indictment.**

An indictment for pursuing the occupation of selling liquors without first obtaining a license, is sufficient which alleges that the occupation is one taxed by law, and that defendant is indebted to the State in the sum of $300, occupation tax, for pursuing said occupation; and, an allegation that he was pursuing such occupation on the first day of January, 1895, is sufficient as to the existence of the rate of taxation at that time.

**2.  Same—Evidence—Limitations.**

On a prosecution for the sale of liquors without an occupation license, the State may allege and prove sales at any time within two years prior to the date of the filing of the indictment.

**3.  Same—United States Revenue License Prima Facie Evidence—Charge.**

On a trial for selling liquor without occupation license, proof, of the procurement of a United States revenue license by accused, is prima facie evidence that he was engaged in the business; and, it was not error for the court to so instruct the jury.

**4.  Same—Proof of Venue—Judicial Knowledge.**

On a trial for the sale of liquor without occupation license, proof, that defendant was engaged in the business in Galveston City, is sufficient proof of venue, as the court judicially knows that Galveston City is in Galveston County.

**5.  Same—Evidence—Failure to Prove County Tax.**

Where the indictment alleged the levy of the county tax by the Commissioners' Court, but no proof was offered in support of this allegation, it was proper for the court, in its charge, to limit this feature of the case and authorize a conviction only upon the issue of failure to pay the State tax and obtain a license therefor.

**6.  Same—Evidence Sufficient.**

See, evidence summed up in the opinion, which is, Held: Sufficient to sustain a conviction for pursuing the occupation of selling liquor without an occupation license.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for pursuing the occupation of selling intoxicating liquors without having paid the occupation tax and obtained a license; the punishment being assesed at ten days' imprisonment in the county jail.

The opinion sufficiently states the case.

*Marsene Johnson* and *Byron Johnson*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.—It was proved that the appellant procured a United States revenue license for the sale of spirituous, vinous and malt liquors, in quantitiesof one gallon and less, for Galveston County, Texas, for the year 1894, and up to February, 1895. It was also in proof that during this period appellant sold wine and beer in his restaurant. The proof further shows that appellant's occupation was that of a restaurant keeper. He now contends, that inasmuch as the proof failed to show that his occupation and principal business was that of a retail liquor dealer, under the authority of Norris v. State, 13 Court of Appeals, and Sanford v. State, 16 Court of Appeals, he is not guilty of any offense.

If this prosecution had proceeded under Article 110, of the Penal Code, for failure to pay occupation tax, this position, no doubt, would be sound, but the prosecution is based on Section 6, of the Act of 1893, page 178, which denounces it as an offense to "engage in the sale of spirituous liquors" without having obtained a license therefor, and fixes the penalty at not less than the amount of the taxes so due, and not more than double that sum, or by *imprisonment in the county jail from ten to ninety days*. The jury in this case, assessed the penalty at confinement in the county jail for ten days, without a fine.

As before contended before this honorable court, in the case of J. R. Pearce v. State, I still contend that prosecutions for failure to pay a liquor dealer's tax, since the enactment of the Act of 1893, should proceed under Section 6, of said act, instead of Art. 110, Penal Code. This being true, it is no longer necessary to prove that the sale of the spirituous, vinous and malt liquors was the principal occupation of appellant, but it is sufficient to say that he engaged in the sale of such liquors. This view is strengthened, when we look to Section 7, of said act, which provides that the payment of the United States special tax, as a seller of spirituous, vinous or malt liquors, shall be held to be *prima facie* evidence that the person or persons paying such tax are engaged in selling such liquors. Moreover, it is evident, from the fact that the Act of 1893 entirely changes and prescribes a new penalty, that it was intended to supersede, repeal and take the place of Article 110, of the Penal Code, with reference to prosecutions for the sale of liquor without license.

It being charged in the indictment that he engaged in the sale of such

liquors, the further allegation that it was his occupation was unnecessary, and can be stricken from the indictment as surplusage, as the proof in this case, viz: the introduction of United States special tax as a seller of spirituous liquors, supplemented by the proof that he actually sold wine and beer is sufficient to sustain this conviction.

HENDERSON, Judge.—This appellant was tried under an indictment charging him with pursuing the occupation of selling spirituous liquors, etc., in quantities of one gallon and less, without first obtaining a license therefor. He was convicted and his punishment assessed at confinement in jail for ten days. The indictment in this case is not subject to the criticism made by appellant. The tax for the State is levied by general law; and the allegation that said occupation is one taxed by law, and that the said appellant is indebted to the State of Texas in the sum of $300 occupation tax for pursuing said occupation is sufficient. And in this connection the allegation that said appellant was pursuing said occupation on the 1st day of January, 1895, is a sufficient allegation that said rate of taxation was in existence at that time, and authorized proof back of said date at any time not barred by the statute of limitations, which in this case was two years. The appellant, by bill of exceptions, urges that the court committed an error in allowing the State to prove by the witness, Felix Girardin, that appellant, between the 8th of August, 1893, and the 31st day of May, 1895, was running the dining room department of the Girardin hotel; and, further, that the State was permitted to prove by said witness that during said time he had seen the appellant sell wine and beer. In this we see no error, as, under the indictment for a misdemeanor, the State could lay and prove any time within two years preceding the filing of the indictment in this case. Appellant also insists that the court erred in charging the jury that the fact that appellant had procured a United States revenue license was prima facie evidence that he was engaged in the business and occupation of selling spirituous, vinous, and malt liquors. This question was before this court in Floeck v. State, 34 Tex. Crim. Rep., 314, and was decided adversely to the contention of appellant. The venue in this case, we think, was sufficiently proved. The evidence showed that the United States internal revenue license was granted for Galveston County, and the witness, Girardin, testified that the Girardin Hotel, where appellant was engaged in the business, was in Galveston, and this court judiciously knows that Galveston is situated in Galveston County. See Laws 22nd Leg., (Called Sess.) p. 45. It is contended by appellant that the prosecution in this case failed because there was no proof offered that the Commissioners' Court of Galveston County levied any county tax. While this allegation was charged in the indictment, it is true that no proof was offered to sustain it, but the court, in its charge, limited this feature of the case, and charged only as to the failure to pay the State tax and procure a license on that account. This was permissible, and we see no error in the course pursued. Mansfield v. State, 17 Tex.

Crim. App., 468. In our opinion the evidence in this case sustains the verdict. The State first introduced the United States internal revenue license granted to appellant for the year 1894, and to February 1, 1895, and rested its case. The appellant then introduced a witness, who testified that appellant was running the restaurant department of the Girardin Hotel; that there were two other departments of said hotel, to-wit: the saloon department and the rooming department, the last two kept by other persons than the appellant; that appellant did not keep· liquors in his department, but that when guests of the restaurant desired liquors and wines, they were procured from the saloon department. The witness was in the habit of procuring these drinks, the clerk of the restaurant furnishing the money for same. Witness further said that he did not know whether any one ever paid appellant anything for said drinks or not; that he never knew of any other way in which liquors or wines were procured for the restaurant than as stated. Thomas, another· witness for the appellant, testified that he never knew of any liquors or wines being sold in the restaurant department; that he had never seen the appellant sell any such liquors in said restaurant department, or anywhere else; that the appellant did not keep any wines or liquors in his restaurant that he ever knew of, but that he did not know whether he did or not. The State, in rebuttal, introduced Felix Girardin, who testified that he saw the appellant sell wine and beer, but never saw him sell any whisky. This proof, in connection with the United States internal revenue license, authorized the jury to find a verdict against the appellant, and the judgment is affirmed.

*Affirmed.*