### BOB GATLIN v. THE STATE.

#### No. 1750. Decided January 11, 1899.

**1.  Theft—Accessories—Promise Not to Prosecute—Charge.**

On a trial for theft of cattle, where it appeared that two of the State's witnesses had agreed with defendant that they would not prosecute him for the theft if he would pay for the cattle, Held, under article 291, Penal Code, such witnesses were accessories after the fact, and it was error to refuse to instruct the jury that a conviction could not be had upon the uncorroborated testimony of said witnesses.

**2.  Charge—Singling Out Facts.**

It does not devolve upon the trial court to single out isolated points of evidence and tell the jury, seriatim, that these points do not authorize a conviction.

**3.  Evidence Affecting Credibility of Witness—Instructions as to.**

Where evidence has been introduced by the State contradictory of the testimony of a defendant's witness, it is error to refuse a requested instruction to the effect that the jury could only consider such contradictory testimony in weighing the credibility of the defendant's said witness, such evidence being entirely inadmissible for any other purpose.

.APPEAL from the District Court of Runnels. Tried below before Hon. J. O. WOODWARD.

Appeal from a conviction for theft of cattle; penalty, two years imprisonment in the penitentiary.

The indictment contained two counts charging the theft of ninety head of cattle, on the 15th day of July, 1895. The first count alleged the ownership and possession in R. B. Pumphrey; the second count alleged the ownership and possession in J. M. Gatlin.

The evidence, in substance, showed that the cattle belonged jointly to Pumphrey & Kennedy. That they had been under the charge of J. M. Gatlin in a pasture in Coleman County. J. M. Gatlin was the father of the defendant. That after the cattle were taken, and defendant had been arrested and put in jail for the theft, an agreement was made by Pumphrey & Kennedy, through one Joe Johnson, with defendant, that they would not prosecute him for the theft if he would pay for the cattle. The payment for the cattle was arranged with them by defendant and they executed to him a bill of sale, on the 1st day of October, 1895, for the cattle after they had been paid for.

The matters discussed in the opinion need no additional illustration from the record.

*Sims & Snodgrass,* for appellant, filed an able brief and argument.

*Mann Trice,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant reserved an exception to the refusal of the court to give the following instruction: "You are instructed that if any witness in this case, if any, agreed with defendant, or was a party to an agreement with defendant, that, if defendant should pay for the Pumphrey & Kennedy cattle, in consideration thereof they would not prosecute him for the alleged theft thereof, such witness or witnesses would be an accomplice, in law, and no conviction of defendant would be authorized upon the uncorroborated testimony of such witness alone. And you are instructed that one accomplice can not corroborate another." We think said charge presents the law of this case. Joe Johnson, for the State, testified: "At the first time I saw defendant, which was at Paint Rock, I talked with him, and he knew I was trying to get Pumphrey & Kennedy money for the cattle which they had failed to get. He was in jail at Paint Rock, and I went to see him. I told him Pumphrey was out some cattle, and that we were after them, and wanted them. He said it looked like he was in enough trouble. I told him that we thought he got them. He didn't say anything. I told him that, if we got the money for the cattle, Mr. Pumphrey would go home, and do nothing further; if he didn't pay for them, he would be prosecuted; but, if he would pay for them, we would leave and go home, and not prosecute him; and he agreed to pay for them; and Pumphrey was paid at that time a check in the sum of five hundred dollars. Yes; it was agreed between myself, Pumphrey & Kennedy, and defendant, that, if defendant would pay for the cattle, he would not prosecute him. That was the understanding,—that he would not be prosecuted, if he would pay for the cattle; and we all understood it that way." This statement clearly makes all the parties who agreed to the same, accomplices, under our statute; and it was error for the court to refuse the charge above quoted. As shown by the statement of the witness Johnson, there was a positive agreement made between himself and Pumphrey & Kennedy, by which they should refuse to prosecute the defendant if the money was forthcoming, and $500 was paid at that time. Article 291 of the Penal Code provides: "If any person has knowledge that an offense against the penal laws of this State has been committed, and shall agree with the offender, either directly or indirectly, not to prosecute or inform on him, in consideration of money or other valuable thing paid, delivered or promised to him by such offender, or other person for him, he shall be fined not less than one hundred nor more than one thousand dollars." From this statute it appears that the conduct of some of the witnesses, as disclosed by the record, is not only reprehensible, but made punishable by the laws of this State. We would not be understood as holding that the bare fact of a party receiving pay for property that had been stolen from him would make said party an accomplice, or accessory after the fact; but this court has uniformly held that where one, knowing that

an offense has been committed, conceals the offender, or gives him any other aid, in order that he may evade an arrest or trial, or the execution of his sentence, he is an accessory after the fact. And it is not essential, under this definition, that the aid rendered the criminal shall be of a character to enable the criminal to effect his personal escape or concealment, but it is sufficient if it enables him to evade present arrest and prosecution. The court, in the charge, submitted to the jury the law applicable to the facts, as far as the evidence discloses the witness Joe Hardin as being an accomplice, but omitted to charge upon the legal status of the witnesses Johnson, Pumphrey, and Kennedy. We hold that said last named parties were accessories after the fact, and that the court erred in not charging the jury upon said issue, and applying the law of accomplices to their testimony. See Blakely v. State, 24 Texas Crim. App., 616; 1 McClain, Crim. Law, sec. 209.

Appellant further complains of the refusal of the court to give the following requested instruction: "You are further instructed that you are not authorized to convict the defendant in this case upon evidence alone that defendant was charged with taking the cattle, and remained silent." We do not think this charge applicable to the facts of the case. It certainly does not devolve upon the trial court to single out isolated points of evidence, and tell the jury, seriatim, that these several points do not authorize a conviction.

He also complains of the court's refusal to give the following charge requested by him: "You are instructed that any testimony, if any, by C. O. Harris, to the effect that Ed Good told him that Joe Hardin was never at any time with Bob Gatlin when said Gatlin delivered cattle to him, can not, under the law, be considered by you as any evidence whatever that Joe Hardin was not with Bob Gatlin at the time said Good testified he was, but can only be considered by you in weighing the credibility of said Good as a witness." C. O. Harris, witness for the State, testified: "I am county attorney of Runnels County. At the last term of the District Court of this county, downstairs in the courthouse, witness Ed. Good told T. T. Crosson, the district attorney in my presence, that he never received any cattle from defendant, Bob Gatlin, when the witness Joe Hardin was present." Such testimony can only be considered, as stated in the requested instruction, for the purpose of affecting the credibility of the witness Good. It would be irrelevant and immaterial, and entirely inadmissible, for any other purpose. The requested charge should therefore have been given. See Branch v. State, 15 Texas Crim. App., 96; Littlefield v. State, 24 Texas Crim. App., 167.

Appellant, in his sixth special instruction, requested the court to charge the jury that the bringing of the cattle into or through Runnels County can not be established by the uncorroborated testimony of an accomplice. In view of the fact that the case must be reversed on other grounds, we will not discuss this matter, but would suggest that, if the evidence upon another trial does not corroborate the accomplice upon this point, then Runnels County would not have jurisdiction.

Other errors assigned are not likely to occur on another trial, and we will pretermit a discussion thereof. For the errors above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.* ·