## G. W. Robertson v. The State.

### No. 2762.    Decided May 11, 1904.

**1.—Accomplice—Witness' Promise Not to Prosecute.**

A proposition by a State's witness to the defendant that if he paid him what he owed witness he would not prosecute him or appear before the grand jury, and which was not accepted, does not make the witness an accomplice, and an instruction on the law of accomplice testimony is not required.

**2.—Charge of the Court—Aggravated Assault.**

Where the evidence showed a casual difficulty that sprang up suddenly in a quarrel about the collection of a debt, and that according to appellant's testimony the party alleged to have been assaulted charged him with theft, threatened to arrest him and made the first assault, and cut him with a knife, whereupon appellant struck with his knife cutting the other in the throat, a charge on aggravated assault should have been given.

Appeal from the District Court of Hamilton.    Tried below before Hon. U. R. Lindsey.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years, and prosecutes this appeal.

Appellant excepted to the charge of the court on the ground that the court failed to instruct the jury that J. W. Brown was an accomplice witness, or submit to the jury to determine as to whether said J. W. Brown was an accomplice witness. It is claimed that said Brown was an accomplice witness on the evidence of witness Clauch—this witness having testified that some time after the difficulty he went over to prosecuting witness' (Brown's) house, and Brown asked him to see defendant and compromise the case; and told him, in substance, if defendant would pay him what he owed him he would not prosecute him, and he would not appear before the grand jury; that if he had to appear anyway, he would make it as light as possible on defendant. Appellant also says that J. W. Brown's testimony on the point was to the same effect. However, the court refers to the evidence of the witnesses as to what they testified on this question. Witness Brown testified, as shown by the statement of facts, that he told witness Clauch as stated by him, except that he told him he would not voluntarily prosecute appellant; if he was carried before the grand jury he would tell the truth about the matter. Did this testimony constitute appellant an accomplice under the law, so that it rendered it incumbent on the court to instruct the

jury that they could not convict on the testimony of said witness unless the same was corroborated by other evidence? If said Brown was an accomplice at all it was as an accessory after the fact. An accessory after the fact is defined to be, "One who, knowing that an offense has been committed,. conceals the offender, or gives him any other aid in order that he may evade an arrest or trial, or ·the execution of his sentence." · Penal Code, art. 86. In Chitester v. State, 33 Texas Crim.°Rep., 635, it was held that, although the witness against defendant was shown to have sought and accepted a bribe from him to leave the State, that he did so for the purpose of securing testimony in order to convict defendant, that this did not constitute him an accomplice so as to re⁊ quire the court to give a charge on that subject. In other words, that the witness was not shown to have rendered defendant any aid to evade an arrest or trial. Gatlin v. State, 40 Texas Crim. Rep., 116, was a case of theft; two of the State's witnesses agreed with defendant that they would not prosecute him for the theft if he would pay for the cattle. In pursuance with said agreement, appellant paid prosecutor $500 for said cattle. It was held in that case that said witnesses, who were the owners of the cattle, were accomplices. In that connection article 291, Penal Code, was cited, which is as follows: "If any person has knowledge that an offense against the penal laws of this State has been committed, and shall agree with the defendant, either directly or indirectly not to prosecute or inform on him, in consideration of money or other valuable thing paid, delivered or promised him by such offender or other person for him, he shall be fined not less than $100 nor more than $1000." The difference between that case and the one at bar is that in said case there was an actual agreement made and money was paid in pursuance of said agreement, the agreement being that the parties would not prosecute for the offense. Here no agreement was made between the parties, much less was any money paid in pursuance of any agreement. Prosecutor merely made an offer not to prosecute if his debt was paid, which it does not appear was accepted. In morals appellant's turpitude may be as great as if he had accepted the bribe not to prosecute; but our statutes do not appear to render him a criminal, or to inculpate him in any way as aiding the criminal to escape arrest or punishment. In our view, he does not come within the last mentioned case. We accordingly hold that he was not an accomplice, and it was. not necessary for the court to give an instruction to the jury on that subject.

Appellant also complains of the failure of the court to give an instruction to the jury on aggravated assault, his contention being that the facts in this record, required a charge on that subject. The facts show substantially that the prosecutor Brown was endeavoring to effect a settlement and collect a debt from appellant Robertson. He effected a settlement of the debt when he met appellant in the town of Hico and · ascertained the balance due him. Appellant, however. as soon as he·

secured certain credits on the notes executed by him to prosecutor, put his receipts in his pockets and left prosecutor. Subsequently prosecutor again approached him on the subject and demanded payment of the balance due; and in that connection told appellant that he had disposed of the property on which he held the mortgage to secure his note, and if he did not pay it he would have him arrested for selling mortgaged property and put in the Hamilton County jail; that he then had $30 in money, and that he was going to have it. Appellant then told him not to accuse him of being a thief. Prosecutor then raised his right hand and struck at appellant with his knife, cutting his coat in one or two places. Appellant said to him, "Old man, don't do that;" and then threw up his left hand to knock off his blow and cut at prosecutor with his right hand, striking him in the throat. This was appellant's version of the difficulty. Prosecutor on his part admitted that he told appellant if he did not settle with him in some way that he would have him arrested for disposing of mortgaged property, but denied making any hostile demonstration; stating, however, that as soon as he told appellant he would have him arrested and put in jail for disposing of mortgaged property, appellant said, "If you accuse me of stealing, I will cut your throat," and immediately struck him in the throat with his knife, cutting his windpipe and making a severe wound. However, we are to judge of the proposition as to whether a charge on aggravated assault was rendered necessary from appellant's standpoint and from his testimony. From both the State and the defendant it would appear that this was a casual difficulty that sprang up suddenly in a quarrel about the collection of a debt; and according to appellant's theory, as testified by him, prosecutor not only charged him with the crime of theft, but threatened to have him arrested; that when he first applied to him, prosecutor made the first assault and cut him or cut at him with a knife, inflicting a cut in his clothing. This unquestionably raises self-defense, which the court gave; but the jury may not have believed that appellant was authorized, under the circumstances, to take the life of prosecutor, while if they had been authorized by a proper charge, they might not have believed that appellant inflicted the stab in his necessary self-defense, but did so in a sudden transport of passion; and they might have believed under the circumstances that the threat of prosecutor to have appellant arrested for disposing of mortgaged property, and his immediate attempt to cut him with a knife was sufficient, in a person of ordinary temper, to create such sudden passion; and that appellant may have inflicted the wound under such circumstances, especially as he did not follow up the blow given by any further assault. We believe, under the circumstances of this case, appellant was entitled to a charge on aggravated assault, so that the jury might determine whether he was guilty of that offense or guilty of a higher grade of offense. We would not be understood as holding that the testimony as presented in this record would not justify finding appellant guilty of an assault with

intent to murder, but we do hold that the evidence was sufficient to raise the issue of aggravated assault, and the jury should have been instructed on that subject.

For the error of the court in failing to give a charge on aggravated assault, the judgment is reversed and the cause remanded.

*Reversed and remanded.*