## LEWIS HOLLEY v. THE STATE.

### No. 3366.     Decided February 7, 1906.

**1.—Burglary—Continuance—Testimony not Probably True—Alibi.**

Where on trial for burglary, and motion for continuance to show an alibi by the testimony of the absent witness, whom the application did not show had seen the defendant during all of the time during which the burglary was committed, and where the evidence showed that the defendant had confessed to the commission of the burglary, besides the testimony of his accomplices against him, there was no error in overruling the motion.

**2.—Same—Accomplice's Testimony—Corroboration.**

Where upon trial for burglary the evidence showed that the prosecutor had told defendant that he would not prosecute him if he would return the goods, but did not promise him immunity in the sense that he would testify falsely for him, or would do any act for the purpose of concealing him or suppressing the crime. Held that such witness was not an accomplice. Following Chenault v. State, 10 Texas Ct. Rep., 909; Robertson v. State, 81 S. W. Rep., 1000. Overruling, Gatlin v. State, 40 Texas Crim. Rep., 116.

Appeal from the District Court of Limestone. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment fixed at two years confinement in the penitentiary. Appellant made a motion for continuance based on the absence of a witness by the name of Mary Ellis, by whom he expected to prove an alibi. Said witness appears to have lived about a mile and a half from the alleged burglarized premises, and the application says in general terms, she would prove that appellant was at her house on the night the store was burglarized from between sundown and dark until near midnight. It is not directly stated in the application that said Mary Ellis was at her home on said night, and that appellant was within her view during all of said time, but this is left to inference. However, as heretofore suggested, in the light of the testimony in this case, we do not believe if witness, Mary Ellis, would have testified as is claimed, the jury would have regarded it as probably true, or that it would have changed the result in this case. The State's case shows that John Davis, one of the accomplices of appellant, was present with him and helped to burglarize the premises. Besides, the owner of the burglarized premises testified that appellant confessed to him that he was a party to the commission of the burglary. We do not believe the court erred in overruling this application.

It is also insisted by appellant that there is no testimony corroborative of the accomplice's evidence; that is, that Frank Beville, the owner of the alleged burglarized premises, although his testimony is corroborative of that of John Davis, yet he is also an accomplice and cannot corroborate so as to support the verdict; and that there is no other testimony of a corroborative character. Without discussing this latter feature of the case; that is, as to other corroborative testimony, we hold under the decisions of this court, that Frank Beville is not an accomplice. True, he would have been so regarded under Gatlin v. State, 40 Texas Crim. Rep., 116, and other cases; but we understand these cases to have been overruled in Chenault v. State, 10 Texas Ct. Rep., 909, followed by Robertson v. State, 81 S. W. Rep., 1000. It appears from the record that Beville told appellant he would not prosecute him if he would return the goods. He did not promise him immunity in the sense that he would testify falsely for him, or would do any act for the purpose of concealing him or suppressing the crime: merely stating that he would not himself undertake the prosecution of the case. Under the decisions above referred to, this would not constitute him an accomplice; and of course his testimony not being that of an

accomplice, amply corroborates the testimony of John Davis, the accomplice witness.

There being no error in the record, the judgment is affirmed.

*Affirmed.*