## DAVE SMITH v. THE STATE.

### No. 3924.   Decided March 6, 1907.

**1.—Rape—Jury and Jury Law—Return of Officer—Special Venire.**

Where upon trial for rape the return of the officer of the special venire sufficiently showed what jurors were served, the same was sufficient.

**2.—Same—Relationship of Parties—Aggravation of Offense.**

Where upon trial for rape, the prosecutrix was the daughter of defendant, there was no error to permit the State to show such relationship.

**3.—Same—Evidence—Consent—Act of Defendant.**

Where upon trial for rape there was no issue as to the consent of the prosecutrix, testimony that her father, the defendant, was always quarreling with her and slapping her was inadmissible.

**4.—Same—Evidence—Hearsay—Harmless Error.**

Where upon trial for rape the State was permitted to show by the husband of prosecutrix, who married her subsequent to the alleged rape, as to when he first heard of the rape of his wife, and such testimony was not shown to have injuriously affected the defendant the error if any was harmless.

**5.—Same—Letter—Blackmail—Inferences.**

Where upon trial for rape the evidence showed that the husband of the prosecutrix had written to the defendant demanding that he turn over his property and flee the country, the State should not have been permitted to show that at the time of the writing of said letter the writer was laboring under excitement, to show that it was not a blackmail.

**6.—Same—Evidence—Reputation of Third Party.**

On trial for rape where the evidence showed that the husband of prosecutrix

demanded of defendant that he should turn over his property to him and flee the country and he would not prosecute, it was error to introduce the reputation of such prosecutor for honesty and fair dealing.

**7.—Same—Principal—Consent—Non-Age.**

Where in a prosecution for rape, the prosecutrix on account of non-age was incapable of giving consent under the statute, she could not be a principal in the crime, any more than if force had been used.

**8.—Same—Accessories—Accomplices—Charge of Court.**

Where upon trial for rape the evdence showed that the prosecutrix and her husband had made a proposition to defendant that if he would turn over his property to them and flee the country they would not prosecute him, the prosecutrix being defendant's daughter. Held, that this would not constitute them accessories, as their acts were not of an affirmative character, and also on account of their relationship to defendant.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Carlock,* for appellant.—On question of accessory: Lattimore v. State, 57 S. W. Rep., 644.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of accomplice: Hammond v. State, 28 Texas Crim. App., 414.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at ninety-nine years confinement in the penitentiary; and prosecutes this appeal.

Appellant reserved a bill of exceptions to the return by the officer of the writ of special venire; he contends that the copy of the venire served on him does not show who was served and who was not. So far as we can make out from the copy, he claims that said copy shows as to fifteen jurors that they were served in person, and then as to the remainder of the list of forty-one alleged to have been served, the dotting under the return of the fifteen was not made by the officer so that it can be told that these were served. We think the last portion of the return of the names of the jurors sufficiently shows who were not served, and that all the others were served.

It was not error for the court to permit the State to show the relationship of appellant to the prosecuting witness. It is true this would show him guilty of another offense, to wit: incest, and might serve to aggravate the penalty, and we are inclined to think the testimony was legitimate to aggravate the offense of rape by appellant of his own daughter. It was legitimate for another purpose, to show his domination of the prosecutrix and that she was under his control.

While the prosecutrix was on the stand, the State propounded to her the following questions: "State whether or not your father was or was not good or mean to you, and what his treatment to you was."

Prosecutrix answered this question to the effect that her father was always quarreling with her and slapping her. The action of the court in permitting this testimony over appellant's objection is assigned as error. In some character of rape, where same is without the consent of the prosecutrix, such testimony as this might be pertinent and admissible, but we fail to see where, as in this case, the intercourse was with consent, prosecutrix being under the age of 15, how such testimony could serve to solve any question. This fact, under ordinary circumstances, would be to prejudice the minds of the jury against the defendant; that is, that he was always quarreling with his daughter, the prosecutrix, and slapping her, a treatment that was calculated to prejudice him before the jury, and was calculated to have the effect to enhance his punishment. There was in this case no issue as to the consent of the prosecutrix. She appears to have acquiesced in all that was done.

During the trial of the case, the witness B. B. Culpepper was on the stand, who was the husband of the prosecutrix, having married her subsequent to the alleged rape, and without knowledge thereof, who was asked when was the first time he ever heard of the rape upon Sadie Culpepper, and when she first told him about it, and what she did tell him. Defendant objected to all of this because of its irrelevancy, and that said statements were made in the absence of defendant, he not being present. He replied that Sadie first told him that the defendant Dave Smith had committed the offense of rape on her Thursday evening in the pea patch while they were picking peas by themselves. She told him several days before that that it was her uncle Newt Smith who was guilty, and on that day she also told him that her father was also guilty. The court approved this bill with the following explanation: "That while the witness B. B. Culpepper was on the stand the State was simply allowed to prove, that the witness Sadie Culpepper made complaint, when and to whom, but said witness was not allowed to state upon direct examination any of the particulars of said complaint. But all of said testimony as to who the witness Sadie Culpepper complained of, who she accused and all of the particulars of said complaint were brought out by the defendant on his cross-examination of witness B. B. Culpepper," etc. This explanation of the court about disposes of the matter alleged in the bill. While under the circumstances it may not have been admissible for the State to prove outcry on the part of prosecutrix, it does not occur to us that under the circumstances it was calculated to injuriously affect appellant. Prosecutrix, according to her own statement, it appears, had been having intercourse with both her uncle and her father Dave Smith for some time previous to her marriage with B. B. Culpepper. The State prosecuted for an alleged act of carnal intercourse between appellant and prosecutrix on the night of the 11th of October, 1905, just the night before her marriage with B. B. Culpepper, which was on the 12th of October, 1905. About a week or so after her marriage with

Culpepper she told him that she had been raped by some one under the circumstances narrated in the bill not disclosing that appellant was the guilty party. If it be considered that this testimony was not admissible, we do not believe it was calculated to prejudice appellant.

During the trial the witness Shannon was placed on the stand by the State, and he was asked with reference to a letter which he wrote at the instance of B. B. Culpepper, the husband of prosecutrix, to appellant demanding that he make and deed to Culpepper all his property and leave the country. This was after Culpepper had ascertained that his father-in-law had been having intercourse with his wife previous to their marriage. In connection with this letter, which had been brought out by the defendant, the State was permitted to show by the witness Shannon that when Culpepper signed the letter, making the demand, he was very much agitated and excited and was laboring under excitement and agitation. The court explains the admission of this testimony as follows: "The witness B. B. Culpepper had previously been examined and had been asked by the defendant's attorney in substance if he didn't deliberately plan and procure Mr. Shannon to write the letter referred to, for the purpose of blackmailing the defendant," and this testimony was permitted by the court evidently for the purpose of explaining or rebutting the proof on the part of appellant tending to show that Culpepper was attempting to blackmail appellant. It does not occur to us that this proof was competent. Appellant had a right to draw whatever inference he could from the action of the witness B. B. Culpepper, the husband of prosecutrix, in writing a letter to him demanding that he turn over his property to him and flee the country, and it was no answer to this as it occurs to us that when he made this demand he was excited or agitated. The State was also permitted to prove, over appellant's objection, by witnesses that they were acquainted with the reputation of B. B. Culpepper for honesty and fair dealings in the neighborhood where he lived, and that his reputation for honesty and fair dealing was good. Appellant insisted that he had not placed the reputation of this witness for honesty and fair dealings in issue by any such attack on him as would authorize this character of testimony. The court approves the bill by stating that the defendant had undertaken to show by proof that the charge made by Culpepper and his wife was a trumped up charge in order to rob the defendant of his property; and that the charge together with the letter introduced in evidence was a blackmailing scheme and an effort upon the part of Culpepper to get hold of the defendant's property, and under these circumstances the court permitted the evidence to be introduced as to Culpepper's reputation for honesty and fair dealing, in order to rebut the contention of the defendant as to the charge and the letter being a blackmailing scheme. We fail to see how the reputation of this witness Culpepper was in issue as to his honesty and fair dealing. It was legitimate proof on the part of appellant to show as to him by letter or otherwise that he

made the proposition to him if he would deed him his property and flee the country he would not prosecute him, and the fact that this witness Culpepper was an honest man or dealt fairly with others was no answer to the proposition, and the testimony should not have been admitted. This same character of testimony was admitted as to the witness Ross, over appellant's objection.

The court failed and refused to give an instruction to the jury in regard to B. B. Culpepper and the prosecutrix Sadie Culpepper being accomplices, and after the court had so failed appellant requested a charge on this subject as to said witnesses, or as to either of them. This charge the court refused to give. The State contends that the prosecutrix was not a particeps criminis in the offense alleged, it being rape; and that neither she, nor B. B. Culpepper would come under the statute with reference to accomplice testimony, as being accessories, even if it be conceded that what they did after the fact would constitute them accessories, they being related by consanguinity or affinity to appellant. With reference to the first proposition, it seems, we hold with the authorities that the victim in a rape case cannot be a principal in such case. Of course, this is obvious where the rape is by force, but on principle it would seem where the rape is by consent the rule might be different. Under our statute, the prosecutrix in this case was incapable of giving consent, and we have held that the same rule applies. As to the prosecutrix and her husband being accessories on account of the proposition to aid appellant after the alleged rape, that is if he would turn over his property to them and flee the country they would not prosecute him, the authorities seem to hold that this is not that character of act which would constitute them accessories; that is, the aid must be personal in order to enable appellant to evade an arrest or trial. See Chitister v. State, 33 Texas Crim. Rep., 635; Robertson v. State, 46 Texas Crim. Rep., 441; Chenault v. State, 81 S. W. Rep., 971, and Caylor v. State, 5 Texas Ct. Rep., 377. The doctrine heretofore announced in Blakely v. State, 24 Texas Crim. App., 616, and Gatlin v. State, 40 Texas Crim. Rep., 116, appears to be modified or limited by these latter cases. We accordingly hold that these parties B. B. Culpepper and his wife were not accomplices by anything that they did, their acts not being of an affirmative character to aid appellant to evade arrest or trial. We furthermore hold their relationship to appellant, under the terms of our statute with regard to accessories, would not render them such. We do not deem it necessary to discuss other assignments, but for the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*