Nash, C. J.
 

 The case does not call for any expression of opinion upon the abstract question, whether a husband has a right in law to strike his wife. The wife here was received as a witness against her husband, and the question of her competency tying at the threshold of the case, requires first to be decided. It is a general rule that parties are excluded from being witnesses for themselves, and this applies to the relation of husband and Avife — neither of them being admissibble as a Avitness either in a civil or criminal case in Avhich the other is a party. This rule has been adopted partly on the ground of identity of interest and partly on principles of public policy, which lie at the basis of civil society. A contrary rule Avould break doAvn or weaken the great principles which protect the sanctities of the marriage state. The confidence existing between husband and Avife should be treasured, and rendered inviolate. To the general rule hoAvever, there are some exceptions allowed from the necessity of the case, partly for the protection of the wife in her life and liberty, and partly
 
 *126
 
 for the salce of public justice. But this necessity is described by Lord Mansfield in
 
 Bently
 
 v.
 
 Cooke,
 
 3d Doug.
 
 422
 
 — “not
 
 to “
 
 be a general necessity, as when no other witness can be had,
 
 “
 
 but a particular necessity, as when the wife would otherwise be
 
 “
 
 exposed, without remedy, to a personal injury.” In
 
 Rex
 
 v.
 
 the inhabitants of Cliviger,
 
 2 T. R. 263, the rule was laid down that the wife was, in
 
 every case,
 
 incompetent to give evidence
 
 tending
 
 to criminate her husband; and in
 
 Rex
 
 v.
 
 All saints,
 
 6th Moo. & S. 194, Lord Ellenbohough remarks, that the rule in that case was laid down somewhat too largely — but in
 
 Rex
 
 v.
 
 Bathwick, 2d B. & Aid.
 
 639-47, the rule in
 
 Cliviger’’s
 
 case was adopted as undoubtedly true, in the case of a direct charge and proceeding against him for any offence not feloniously affecting her. It is not denied that the wife may exhibit articles of the peace against her husband, and that from a particular necessity, no one else cantalee the necessary oath; but the question here is, can she be admitted to testify against, him for an ordinary assault and battery upon her? and by ordinary, is meant a battery which neither threatened her life, nor any great bodily harm. Mr. Greenleaf, 1st vol. see. 343, in enumerating the cases in which a wife may be examined as a witness, states some which are for felonies, or acts leading to felonies, and refers to one for assault and battery on her. For this he refers to Agire’s case, 1st Strange 633, where it is reported in about as many words as Mr. Greenleaf has used in stating the principle. Nothing is said of the facts or the nature and extent of the assault and battery, and for it is only cited Lord Audley’s case, which was for an atrocious felony upon her person. Now it is utterly impossible that the painciple can be true, as stated. We know that a slap on the cheek, let it be as light as it may, indeed any touching of the person of another in a rude or angjy manner — is in law an assault and battery. In the nature of things it cannot apply to persons in the marriage state, it would break down the great principle of mutual confidence and dependence; throw open the bedroom to the gaze of the public; and spread discord and misery, contention and strife, where peace and concord ought to reign. It must be remembered that rules of law are intended to act in all
 
 *127
 
 classes of society. In
 
 Sedgwick
 
 v. Watkins, 1st Yes. Sen. 49— which was an application of a wife for a
 
 ne exeat
 
 against her husband; Lord Thurlow said she may make application for it, but the question is, by what evidence she can support it; and whether her affidavit can be read to affect her husband ? He admits that for security of the peace,
 
 ex necessitate rei,
 
 she may make an affidavit against her husband, but canno'd be a witness to sustain an indictment, and closes by
 
 observing
 
 — “ I have always taken it to be a rule, that a wife never can be a witness against
 
 “
 
 her husband, except in the case I have alluded to. ” The rule, as we gather it from authority and reasop, is, that a wife may be a witness against her husband for felonies perpetrated, or attempted to be perpetrated on her, and we would say for an assault and battery which inflicted or threatened a lasting injury or great bodily harm; but in all cases of a minor grade she is not. In this case, there is no pretence that any lasting injury was inflicted; on the contrary, the case states that the injury was temporary. Her testimony being incompetent, the judgment is reversed, and a
 
 venire de novo
 
 awarded
 

 Pee. Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.