## MARTHA PORTER v. THE STATE.

1. THEFT—CONTRADICTORY STATEMENTS OF ACCUSED.—Such statements are not evidence of crime where the testimony clearly indicates others as the offenders and furnishes another motive for such statements than concealment of the guilt of the accused.

2. SAME.—Where the testimony showed a theft of hogs by the husband, and that the hogs had been driven home by him and there slaugh-

tered, false statements made by his wife as to the stolen property are not evidence of her guilt in absence of any proof of her participation in the inception or execution of the offense.

APPEAL from Guadalupe.    Tried below before the Hon. John P. White.

The opinion contains all the material facts.

*George Clark, Attorney General,* for the State, did not insist on an affirmance of the judgment.

No brief for appellee.

DEVINE, ASSOCIATE JUSTICE.—The appellant with her husband, Luke Porter, and her son, George Porter, were jointly indicted in the District Court of Guadalupe county, charged with the theft of ten hogs, of the aggregate value of sixty dollars, on the 4th day of February, 1875.

The State having dismissed the prosecution against George Porter, a severance being granted, the defendant, Luke Porter, was tried and convicted of the offense charged.    The judgment of conviction in the District Court has been affirmed on appeal to this court during the present term.    The appellant, Martha Porter, being separately tried, was convicted of the offense charged, and the motions for a new trial and in arrest of judgment being overruled, she has appealed to this court, and assigns, among other grounds, that the court erred in the charge to the jury and erred in refusing the instructions asked by defendant's counsel.

In the charge of the court we find no error.    In the second instructions asked by defendant and refused by the court the instruction embraced in the first paragraph, relative to statements made to protect a husband against a criminal prosecution, had been already given by the presiding judge in the instruction previously asked by defendant.    The second paragraph of the last instructions asked, that the "admissions, when drawn out of defendant

by the State, must be held to be true, and the State cannot contradict them," was properly refused. The assignment that the court erred in overruling defendant's motion for a new trial, the material feature of which was that "the verdict was contrary to the law and contrary to the evidence," leads to the inquiry what are the facts which prove or even tend to prove that defendant is guilty of the theft as charged in the indictment. But few facts are shown in the evidence that relate to defendant; they are the following: That she was the wife of Luke and the mother of George Porter, a boy about twelve years old; that in the presence of her husband and with him she made or joined in statements evidently false and plainly designed to shield her husband and son from the consequences of their acts, at one time protesting ignorance of any knowledge of the stolen property, and when contradicted by a reference to existing facts, then stating that one Dick Lantern, a neighbor, had brought two hogs there belonging to another person and slaughtered them there. These misstatements and denials, whatever they may show or tend to prove as regards her truthfulness or a desire to avert suspicion from her family, are not in themselves evidence, direct or circumstantial, of her being guilty of the theft as charged.

The evidence shows that the hogs were driven out of "Estell's field" by a man and a boy, (her husband and son,) and up to the fence of Porter, the tracks of the man and the foot-prints of the boy corresponding exactly to the measurement of the boots and feet of Porter and son. The trail from the fence to Porter's smoke-house was destroyed by the prisoner, Luke Porter, he having ploughed up the intervening strip of land between these points, evidently for that purpose. Portions of the slaughtered hogs were found buried in different parts of his field. The entrails of the ten stolen animals were found in a ravine and portions of the meat buried in the neighborhood of Dick Lantern's house. A portion of the hair or bristles was found

24

in an old well filled up and a tree planted over it.  But. through all this evidence and other facts less important we search in vain for evidence of her guilt as regards the theft with which she was charged, or of any participation in it, from its inception to its consummation.  Unless the evidence of her guilt be found in the facts that she was the wife of Luke and the mother of George Porter, or unless it be in the fact of her residence at her home when her son and husband drove the stolen animals there, and the fact that they were slaughtered and afterwards secreted in the field and .at other points in the neighborhood—if these facts, coupled with persistent falsehoods on her part, prove her guilty of the theft, then every woman who is so unfortunate as to have a dishonest husband is liable to indictment and conviction, even when the evidence showed him to have stolen the property and carried or driven it to his home and its afterwards being there found secreted, provided she resided with her husband at the time and by misstatements sought to avert suspicion from him.  We know of nothing to justify such a rule.  We do not mean. to be understood as holding that a wife may not by her actions bring herself within the provisions of the law equally with her husband, but we mean to say that in this case there is not a particle of proof against appellant beyond the fact of her living with her husband on the premises to which the hogs were driven and where they were slaughtered, and the other fact of her making untruthful statements regarding the stolen property, these statements being chiefly made in the presence of her husband and evidently to avert suspicion from him and her son.  This evidence is wholly insufficient to sustain the verdict.  The court erred in overruling the motion for a new trial, for which the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.