MASON FRAZIER v. THE STATE.

No. 2893. Decided April 19, 1905.

**Assault With Intent to Rape—Husband and Wife.**

A man cannot be guilty of actual rape or assault with intent to rape upon his wife, nor can she be a witness against him in such character of case.

Appeal from the District Court of Hopkins. Tried below before Hon. R. L. Porter.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Leach & McBride,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by indictment with assault with intent to rape Emma Frazier. The facts disclose that she was his wife; that they were married in 1889, and had lived as husband and wife until 1902. As the result of their marriage

four children were born, the oldest being 14 at the time of the trial and the youngest 8. That sometime during the year 1902, prosecutrix informed appellant that she would no longer cohabit with him, and this she termed a "separation." Later on she undertook to obtain a divorce from her husband, which was refused by the court. They remained in the same house: she sleeping in one room, with her little girl, and appellant in another room with the boys. Appellant supported the family, provided for their wants, attended to the business about the place and farm, and prosecutrix performed the ordinary duties devolving upon the wife in regard to household matters, doing the cooking and such kindred things; and they all ate at the same table. On the occasion of the alleged assault, appellant entered her room, and rather vigorously insisted upon what he believed to be his rights as a husband. She resisted and fled into the room where the boys were sleeping. Appellant followed her in there and again renewed his efforts. She finally escaped, however, and the matter ended. We deem it unnecessary to go any farther into the details.

Two important questions suggested can be condensed into: First, objections to the use of the wife as a witness against the husband in this character of case; and second, appellant could not be guilty of an assault to rape his wife. Both of these contentions, in our judgment, are correct. Our statute with reference to rape provides for the punishment of a man who undertakes to have forcible connection with a woman without her consent; second, where the woman is insane; and third, on a girl under 15 years, with or without consent, provided she is not the wife of the accused. It has never been held necessary, so far as we are aware, to allege in an indictment that an assaulted woman was not the wife of the accused; nor would it be so in this State, except for the latter clause of the statute with reference to a girl under 15 years of age. The fact that she is the wife of the accused can be shown upon the trial under all the phases of rape, except where our statute expressly provides, in regard to a girl under 15. So far as we are aware all the authorities hold that a man cannot himself be guilty of actual rape upon his wife. One of the main reasons being the matrimonial consent which she gives when she assumes the marriage relation, and which the law will not permit her to retract in order to charge her husband with the offense of rape. There have been cases arising where the husband forced his wife to submit to the embraces of another man, in which he was held guilty of rape; but we are aware of no case holding that the husband can be guilty of the offense where he himself is the actual party to the intercourse. This question has come in different forms, sometimes in exceptions to the introduction of the witness' testimony against the husband; sometimes upon moving to quash the indictment, and sometimes by force of the fact that he was the husband. But in all the cases it is said, so far as we are aware, wherever the question has been adjudicated, that the husband cannot be himself guilty of actual rape upon his wife. 23

Amer. and Eng. Ency. of Law, 2nd ed., p. 849, note 6; State v. Haines, 51 La. Ann., 731; State, v. Evans, 138 Mo., 116; s. c. 60 Am. St. Rep., 549; State v. Williamson, 22 Utah, 248; s. c. 83 Am. St. Rep., 780; People v. Estrada, 51 Cal., 600; Com. v. Bogerty, 8 Gray (Mass.), 489; 2 Archibald Cr. Plead. and Prac., p. 158. While the question was not expressly discussed, it is also practically so decided in Gonzales v. State, 62 S. W. Rep., 1060, which is a Texas case.

Because the facts do not show a violation of the law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*