No. 9339.   Delivered June 10, 1925.

Rehearing Denied October 21, 1925.

**1.—Rape—Evidence—Of Wife—When Admissible.**

Where on a trial for rape, of a negro upon a white woman, her husband being charged as a principal to the act of the negro, under our statutes the wife is a competent witness against the husband, when testifying to any violence done her by the husband. See Art. 195, Vernon's C. C. P., and many authorities there cited.

**2.—Same—Evidence—Of Motive—Admissible.**

Where a wife is testifying against her husband as to violence committed against herself by her husband, she occupies the same position as any

other witness would, and can give her testimony as to any fact, showing motive on the part of her husband for the offense committed against her.

### 3.—Same—Evidence—Of Co-Principal—Properly Admitted.

Where a co-principal of appellant, the actual perpetrator of the rape upon his wife, was used as a witness, it was proper to permit him to show appellant's motive for inciting and aiding him in ravishing appellant's wife. also to explain why his testimony on the trial of appellant, was different from his testimony given on his own trial, for the same offense.

### 4.—Same—Evidence—Properly Admitted.

Where evidence of a witness, who was the paramour of appellant, as to his visits to her home, was admitted, no error is presented, such testimony tending to show appellant's motive, in inciting a negro to commit an unnatural and brutal assault on his, appellant's own wife.     .

### 5.—Same—Bills of Exception—When Insufficient.

Where a bill of exception complaining of the admission of testimony upon the trial, which fails to set out facts from which this court can determine whether the question objected to was improper or injurious, same is insufficient, and will not. be considered. See Sec. 29, page 543, Vernon's C. C. P. for collection of authorities.

### 6.—Same—Charge of Court—On Accomplice—Properly Refused.

Where the evidence on a trial does not, even remotely raise the issue of a witness being an accomplice, the court should refuse a charge on the law of an accomplice as a witness. The fact that a witness had evaded process of the court, at the instance of appellant, would not raise the issue. See Branch's P. C. Sec. 705 page 363. Following Shackey v. State, 41 Tex. Crim. App. 255.

### 7.—Same—New Trial—Newly Discovered Evidence—Statement of Facts.

Where a motion for a new trial is presented, and newly discovered evidence is one of the grounds set forth, and on the hearing of such motion, evidence is presented, a statement of facts, embracing such evidence must be presented and filed during the term at which the trial is held. Appellant presents such a statement of facts in this case filed more than sixty days after adjournment and same cannot be considered.

ON REHEARING.

### 8.—Same—Evidence Held Sufficient.

On rehearing appellant urges that there is no evidence, aside from the uncorroborated testimony of accomplice to support the verdict. We cannot agree to this contention. The witness Blackshire, the paramour of appellant was not shown to have been a particeps crimini. She testified that appellant confessed to her on the night of the offense that he saw Melvin Carr, assault and rape his wife, was present when it occurred, and did not care, as he wanted to run her off. The evidence is amply sufficient to support the verdict, and the motion for rehearing is overruled. See opinion on rehearing for collation of authorities. Catlin v. State, 40 Tex. Crim. Rep. 116, cited by appellant was overruled in Chenault's case, supra.

Appeal from the District Court of Walker County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction of rape; penalty, life imprisonment in the penitentiary.

This is a companion case to that of Melvin Carr v. State, decided by this court on June 3rd, 1925, and that case contains a sufficient statement of the facts.

*Bennett & Broadway,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted of the offense of rape and his punishment assessed at confinement in the penitentiary for life. This is a companion case to that of Melvin Carr v. State, decided by this court on June 3, and that case contains a sufficient statement of the facts.

There are nine bills of exception in the record. Bills one to five are combined, and contained in the same bill, and in this bill objection is made to the testimony of five different witnesses. This bill is clearly multifarious, and we would be justified in refusing to consider it on that ground, but in addition to this under the record in this case, the five bills show no error.

The first bill objects to the witness Fannie Kitchen testifying against the defendant because she is his wife. There is no merit in this contention. This was an offense committed against the wife in which the record discloses that the appellant was a principal offender and under Article 195, Vernon's C. C. P. and the many authorities there cited construing said article, appellant's wife was clearly a competent witness against him.

Bill No. 2 complains at the action of the court in permitting the state to prove by the wife that the appellant had accused her of setting fire to a house in which Evanetta Blackshire resided. It was permissible to prove by the wife that the appellant had accused her of setting fire at or about the time of this transaction, concerning the negro woman, Evanetta Blackshire, because it was the theory of the state, strongly supported by the evidence in the case, that appellant was living in adultery with the woman Evanetta Blackshire and was desirous of having his wife leave him in order that his liason with the Blackshire woman might be uninterrupted. It was further in evidence that someone had set fire to the house in which appellant's alleged paramour lived, and it was clearly competent for the state to show by the wife of the appellant under these circumstances, that he had charged her with this offense. Being permitted by the article of the code above cited, to testify against her husband, it was proper for the State to prove by her any fact that would shed light on appellant's motives for the dastardly and unnatural crime with which he was charged.

There is no merit in appellant's complaint contained in bill number three to the effect that the witness Melvin Carr was permitted to testify that the appellant frequently stayed at the house of the Blackshire woman, his alleged paramour. This was proper and pertinent testimony showing motive on appellant's part for the commission of the crime with which he was charged. It was also pertinent for the state to prove the reason that caused the witness Carr to testify differently on this trial from what he had testified on the trial of his own case. He had a right to explain the reason for changing his testimony and it was a proper matter for the jury to consider and determine in weighing the value of the testimony given by this witness.

Bill No. 5 complains at the court's action in permitting the witness Blackshire, appellant's alleged paramour, to state that appellant had been coming over to her house during the year she had lived there. What has been said above disposes of this complaint adversely to the appellant's contention.

In addition to what has already been said with reference to the above bills of exception, it may be proper to state that same do not set out any of the facts testified to by the witness which would show or tend to show the inadmissibility of the testimony complained of. A bill of exception to the admission of evidence which fails to state facts from which this court can determine whether the question objected to was improper or injurious is insufficient. See Par. 3, Section 29, page 543, Vernon's C. C. P. for many authorities sustaining this proposition.

Appellant complains by bill number six at the court's action in refusing to instructs a verdict of not guilty. The evidence in this case is entirely sufficient to convince us beyond any question that the jury was warranted in finding the defendant guilty.

By proper instructions appellant asked the court to submit the question of Evanetta Blackshire's being an accomplice to the jury. Under the undisputed facts in this case, we find nothing which to our minds suggests that this witness was in such a status as to require that her testimony be corroborated. The fact that she was appellant's paramour does not make her an accomplice. The only other circumstance that appellant could contend would bring her within the category of an accomplice is the fact that she at appellant's request evaded the process of the court and thereby failed to appear as a witness when appellant's co-defendant Melvin Carr was tried for this same offense. There is nothing in the record that even tends to connect this witness with the commission of the offense as a principal and nothing further than the fact that she evaded the process of the court and thereby failed at appellant's request to testify against his co-defendant, that would in any manner tend to con-

nect her with the offense of an accessory. Mr. Bishop has stated the
rule to be:

"The test of an accessory after the fact is that he rendered his prin-
cipal some personal help to elude punishment, the kind of help being
unimportant."

He further states:

"Keeping a witness by persuasion or intimidation from appearing
against a felon on his trial does not render one the felon's accessory."

The exact question here presented was in our opinion decided ad-
versely to the appellant's contention in the case of Shackey v. State,
41 Crim. App. Rep. 255. See Section 705, page 362, Branch's P. C.
for full collation of authorities on this subject. .

Appellant complains at the court's action in refusing him a new
trial because of the misconduct of the jury. The record shows that
the statement of facts taken on the trial of this issue before the court
was not filed in the court below until the 23rd day of February, A. D.
1925, and caption to the transcript shows that the term of the court
at which the case was tried adjourned on the 6th day of December,
A. D. 1924. The authorities are uniform to the effect that the state-
ment of facts taken concerning matters involving misconduct of the
jury must be filed during the term of court at which the trial occurs.
We, therefore, cannot consider the statement of facts pertaining to
the misconduct of the jury in this case, and in its absence we cannot
do otherwise than presume that the court correctly decided the ques-
tion presented.

We have carefully considered every complaint made by appellant
in this record, and it is our opinion that he has been accorded a fair
and an impartial trial, and that the judgment should be in all things
affirmed.

The foregoing opinion of the Commission of Appeals has been ex-
amined by the Judges of the Court of Criminal Appeals and approved
by the court.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—The sufficiency of the evidence to
support the verdict is challenged. Appellant claims that in proving
the corpus delicti the State relied alone upon the testimony of wit-
nesses who were accomplices within the meaning of Art. 801, C. C. P.,
which forbids the conviction of one of crime upon the uncorroborated
testimony of an accomplice.

It is the State's theory that Melton Carr, a negro, was induced by
the appellant to ravish his wife. Carr, who had been previously tried
for the offense and against whom a verdict of guilty assessing the
death penalty had been rendered, was used by the State as a witness

against the appellant. Carr testified that upon the night of the offense, he met the appellant at the home of Evanetta Blackshire, a negro woman. They left her house together and went to a point near the dwelling-house of the appellant. Carr then went to the house and sought to induce the appellant's wife to come out of it, appellant, in the meantime, waiting nearby. Failing to induce her to come out, Carr went to the appellant and reported his failure. Appellant demanded that Carr return and accomplish the rape and emphasized his command with a threat to kill him. According to his testimony, Carr then went to the appellant's home, broke open the door, dragged the woman from the house and ravished her. Appellant in the meantime, was nearby and was holding the hat of Carr. Upon the return of Carr to the · place where the appellant was standing, the latter was told that the rape had been committed and remarked with an oath that he guessed his wife would leave. The two then returned to the home of the negro woman.

Carr, on his own trial, disclaimed any connection with the offense. On the present trial he explained the change of his testimony by the statement that at the time of his own trial he felt sure that if he revealed the true facts he would be killed by the appellant. According to Carr, at the time the offense was committed appellant was only a short distance away. The moon was shining.

From Evanetta Blackshire's testimony it appears that she was a paramour of the appellant; that he was at her house during the first part of the night; that while he and she were in bed together Carr came, and the two left the house. Appellant subsequently returned, at which time he told her that Carr had been with his wife and had been "fooling with her"; that he wanted to run her off. Quoting her, she said:

"When he came back that night he told me about Big Ones, that is, Melton Carr. He told me about Melton having been with his wife. He said that Big Ones had been with his wife and had fooled with her, and after he got through he kissed her and told her, 'Honey, go in the house and go to bed.' . . . I did not know about Melton Carr raping Mrs. Kitchens until Mr. Kitchens told me he saw Melton when he did it and he said he was close enough to see it. He told me he was close to a black-jack tree."

She further testified that upon the trial of Melton Carr, under the influence of the appellant and upon his threats to kill her, she had hid in the woods and refrained from attending the trial.

Appellant told a deputy sheriff that he did not want the law to handle the assailant of his wife; that he would take care of the situation. When told that they were about to bring into town the negro who had raped his wife, appellant said that he wanted her to identify him and that he would then kill him.

Appellant's wife testified that Carr had broken into her house, taken her outside and ravished her. The evidence showed that she went to the home of the appellant's father and reported the matter upon the same night. Her young son also testified that a negro had assaulted his mother. She further testified that appellant did not spend the night at home but told her he was going to the pasture. She said, however, that at the time of the assault she did not see him; that she did not believe he was there, or that he was guilty of the offense.

Carr, of course, was an accomplice witness, and his uncorroborated testimony would not support the conviction. The position taken by the appellant is that there is not corroboration of Carr to the point that the appellant advised the commission of the offense and was present at the time it was committed. This contention is based upon the proposition that the woman, Evanetta Blackshire, was an accomplice witness. If she was not an accomplice, the appellant's position seems untenable. Her testimony was to the effect that the appellant told her that he was present when Carr committed the offense; that he did not care because he wanted to run his wife off. She also testified that Carr and the appellant, on the night of the offense, were together at her house both before and after the time that the assault was made. Aside from this extrajudicial confession of the appellant, the fact that the rape was committed by Carr is established by the testimony of Carr, supported and corroborated by the testimony of the appellant's wife. Carr gave direct testimony that the appellant commanded and was present at the commission of the offense, thus making him a principal offender under Art. 78, P. C. See also Middleton v. State, 86 Tex. Crim. Rep. 307. Appellant's extrajudicial confession, if proved to have been made by him, was available to the State to corroborate the accomplice Carr. On this subject, see Kugadt v. State, 38 Texas Crim. Rep., 681; Harkey v. State, 90 Texas Crim. Rep. 213, and cases cited; also Aven v. State, 95 Texas Crim. Rep. 115.

Proof of the confession was by the witness Blackshire. The fact that she secreted herself or permitted herself to be secreted and refrained from testifying upon the trial of Carr did not, in our opinion, characterize her as an accomplice witness. On this subject, in addition to the authorities cited in the original opinion, reference is made to Rhodes v. State, 11 Tex. App. 563; Porter v. State, 43 Tex. Rep. 367; Chenault v. State, 46 Texas Crim. Rep., 355; Alexander v. State, 82 Texas Crim. Rep., 431; Herndon v. State, 82 Texas Crim. Rep., 232; Burge v. State, 73 Texas Crim. Rep., 505; Hargrove v. State, 63 Texas Crim. Rep. 143; Chitister v. State, 33 Texas Crim. Rep. 638; Robertson v. State, 46 Texas Crim. Rep., 442; Schackey v. State, 41 Texas Crim. Rep., 255. Without quoting them, the conclusion is

stated that the authorities cited fully support the ruling of the trial court in declining to instruct the jury upon the law of accomplice testimony pertaining to the witness Blackshire. The only authority which has come to our notice which would support the contention that she was an accomplice or that the testimony was sufficient to present the issue to the jury is Gatlin v. State, 40 Texas Crim. Rep. 116, which was overruled in Chenault's case, supra, wherein the contrary doctrine was asserted.

The witness Blackshire not being an accomplice, her testimony, if believed by the jury, went to show that the appellant had admitted his presence at the time the offense was committed. Appellant's confession, the offense being othewise proved, was sufficient to meet the measure of the law demanding that the corroborative evidence be such as tends to connect the accused with the commission of the offense. See Art. 810, C. C. P.

From the record before us, we are constrained to conclude that the evidence is sufficient to support the verdict of the jury and that no error is shown to have been committed in the conduct of the trial. The motion is overruled.

*Overruled.*