## STATE v. JOSEPH LANDRUM VANDIVER, JR.

(Filed 22 September, 1965.)

**1. Criminal Law § 78;  Bigamy § 2—**

In a prosecution for criminal cohabitation in violation of G.S. 14-183, the legal wife of defendant is a competent witness to prove a valid, subsisting marriage at the time defendant contracted the second marriage. G.S. 8-57.

**2. Indictment and Warrant § 4—**

Where some of the evidence before the grand jury is competent and some incompetent, a motion to quash the indictment for the admission of incompetent evidence will not be allowed, since the courts will not inquire as to how far the incompetent testimony contributed to the finding of a true bill.

**3. Indictment and Warrant § 13—**

A motion for a bill of particulars is addressed to the discretion of the trial court and the denial of such motion will not be disturbed in the absence of a showing of abuse of discretion. G.S. 15-143.

**4. Criminal Law § 87—**

The trial court has discretionary authority to consolidate indictments against the male and female partners for bigamous cohabitation. G.S. 14-183.

**5. Bigamy § 2— Evidence of guilt of bigamous cohabitation held sufficient to be submitted to jury.**

The State's evidence tending to show that the male defendant had a lawful and subsisting marriage at the time he contracted a second marriage in another state, that the partners to the second marriage returned to this State where the female continued to live in her apartment, and that the male defendant went to her apartment practically every evening and that his automobile was parked there all night, *is held* sufficient to be submitted to the jury on the question of defendants' guilt of cohabitation in this State following a bigamous marriage outside the State, which marriage would be punishable as bigamous if contracted within the State. G.S. 14-183.

APPEAL by defendant from *Campbell, J.,* April 1965 Criminal Session of BUNCOMBE.

Criminal prosecution on an indictment charging that defendant, late of Buncombe County, being a married man, on 14 September 1964 did feloniously contract a bigamous marriage with Frances Hall Young in Greenville, South Carolina, and that the said defendant did feloniously thereafter cohabit with the said Frances Hall Young in Buncombe County, North Carolina, a violation of G.S. 14-183.

Plea: Not guilty. Verdict: Guilty.

From a judgment of imprisonment with a recommendation that he be placed on work release (G.S. 148-33.1(a)), defendant appeals.

*Attorney General T. W. Bruton, Assistant Attorney General Charles W. Barbee, Jr., and Staff Attorney Leon H. Corbett, Jr., for the State.*
*Shelby E. Horton, Jr., for defendant appellant.*

PARKER, J. Before pleading to the indictment, defendant moved to quash the indictment on the ground that his legal wife testified before the grand jury that found the indictment here a true bill. Defendant's daughter also testified before the grand jury. The court denied his motion, and he assigns this as error. This assignment of error is overruled.

By virtue of the express provisions of G.S. 8-57, defendant's legal wife was a competent witness before the grand jury, which was con-

sidering an indictment against him charging him with a violation of
the provisions of G.S. 14-183, "to prove the fact of marriage and facts
tending to show the absence of divorce or annulment proceedings
wherein the husband and wife were parties, in cases of bigamy, or in
cases of criminal cohabitation in violation of the provisions of G.S.
14-183." In *S. v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334, the Court
said:

> "It is a well-settled principle of law in this State that an in-
> dictment will not be quashed, on a motion made in apt time,
> when some of the testimony before the grand jury given by a
> witness who is not disqualified is competent and some incompe-
> tent, because a court will not go into the barren inquiry of how
> far testimony which was incompetent contributed to the finding
> of an indictment as a true bill."

Defendant assigns as error the denial of his motion, made before
pleading to the indictment, for a bill of particulars. The granting or
denial of defendant's motion was within the discretion of the court
and is not subject to review, except for palpable and gross abuse thereof.
G.S. 15-143; *S. v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594; *S. v. Scales,*
242 N.C. 400, 87 S.E. 2d 916. We have examined the record as it re-
lates to the court's denial of his motion for a bill of particulars, and no
abuse of judicial discretion appears. This assignment of error is over-
ruled.

There was an indictment against Frances Hall Young charging big-
amous cohabitation by her with defendant, in violation of G.S. 14-183.
Defendant assigns as error the order of the court, on motion of the
solicitor for the State, consolidating for trial this case with the case
of defendant for the same offense. This assignment of error is over-
ruled. The court had authority to order the consolidation. G.S. 15-152;
*S. v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1; *S. v. Bryant,* 250 N.C.
113, 108 S.E. 2d 128; *S. v. Combs,* 200 N.C. 671, 158 S.E. 252.

Defendant assigns as error the denial of his motion for judgment of
compulsory nonsuit made at the close of all the evidence. The State's
evidence and defendant's evidence favorable to the State, considered
in the light most favorable to the State, *S. v. Avent,* 253 N.C. 580, 118
S.E. 2d 47, show the following facts:

Defendant and Christine Vandiver were lawfully married on 26
February 1943. They lived together as man and wife until defendant
in November 1963 left their home in the Dunbar Apartments in the
city of Asheville or in the Asheville area, Buncombe County. Three
children were born of their marriage. Christine Vandiver is living, and

the marriage between her and defendant has not been dissolved by divorce or annulled.

Frances Hall Young, a married woman, separated from her husband but not divorced, in 1964 lived in the Skyland Apartments in Skyland, Buncombe County. On 14 September 1964 she and defendant were married to each other in Greenville, South Carolina, which would have been punishable as bigamous if entered into in North Carolina.

After Frances Hall Young and defendant were married in South Carolina, they returned to Buncombe County, and Frances Hall Young continued to live in the Skyland Apartments in Skyland. Thereafter until December 1964 defendant went to her apartment practically every evening, and his 1963 blue Valiant station wagon frequently would be parked there all night and was so seen by other tenants of the apartment building. There is plenary evidence, which it would serve no useful purpose to narrate here, tending to show defendant and Frances Hall Young during this period of time had sexual intercourse several times weekly with each other in her apartment.

G.S. 14-183 makes cohabitation in this State following a bigamous marriage outside of this State, which marriage would be punishable as bigamous if contracted within this State, a separate offense. This is an offense tending to debase and demoralize society and to degrade the institution of marriage. The State's evidence, and defendant's evidence favorable to it, would legitimately permit, but not compel, a jury to be satisfied beyond a reasonable doubt that defendant contracted a bigamous marriage with Frances Hall Young in South Carolina, which would have been punishable as bigamous if entered into in North Carolina, and that thereafter they returned to North Carolina and from then until December 1964 they ostensibly lived or dwelled together as man and wife at night in her apartment in Skyland and there several times weekly in her apartment engaged in sexual intercourse, and that such acts were of a continuing and not a transitory nature. The evidence was sufficient to carry the case to the jury, and the judge correctly denied defendant's motion for judgment of compulsory nonsuit made at the close of all the evidence. *S. v. Setzer,* 226 N.C. 216, 37 S.E. 2d 513; 10 Am. Jur. 2d, Bigamy, "D. Sexual Intercourse; Cohabitation," § 16; Black's Law Dictionary, 4th Ed., "Cohabit or Cohabitation," p. 326; 2 Wharton's Criminal Law and Procedure, Anderson Ed. (1957), Ch. 26, Bigamy, § 714, p. 523; 14 C.J.S., Cohabitation, p. 1312.

Defendant has a number of exceptions as to the admission and exclusion of evidence, which he assigns as error. We have examined all of them with care, and all are without merit and are overruled.

Defendant has no exception to the charge.

In the trial below we find
No error.