STATE OF NORTH CAROLINA v. RESTONY ROBINSON
— AND —
STATE OF NORTH CAROLINA v. MARY ROBINSON

No. 7218SC523

(Filed 2 August 1972)

1. **Conspiracy § 4; Indictment and Warrant § 13— bill of particulars — motion addressed to judge's discretion**

    Trial judge did not err in denying defendant's motion for a bill of particulars as the motion was addressed to his discretion, and his ruling thereon is not subject to review, except for palpable and gross abuse thereof. G.S. 15-143.

2. **Criminal Law § 168— consideration of charge as a whole**

    The court on appeal must consider the trial court's entire charge to the jury contextually in determining whether it contains prejudicial error.

3. **Conspiracy § 7— separate instructions for each defendant — no error in charge**

    In a prosecution charging two defendants with conspiring with each other and with a third person to murder a fourth person, the trial court did not err in giving separate instructions as to the findings necessary to convict each of the two defendants and in carefully instructing the jury as to the possible verdicts that could be returned as to each defendant.

4. **Conspiracy § 5; Criminal Law § 83— incompetency of husband to testify against wife — exception to incompetency rule — felony committed by one spouse against the other**

    In an action charging a wife with conspiracy to murder her husband, the wife could not complain that her husband was not a competent witness against her, because the general rule that one spouse is not a competent witness against the other in a criminal proceeding does not apply where one spouse is tried for a felony committed against the other spouse. G.S. 8-57.

5. **Husband and Wife § 8— presumption that wife commits crime in presence of husband under his coercion — presumption not available in murder case**

    Where a married woman has committed a criminal act in the presence of her husband, a rebuttable presumption arises that she was acting under his influence or coercion; however, the wife is almost universally denied the benefit of that presumption when she is on trial for murder or treason.

APPEAL by defendants from *Seay, Judge,* 3 January 1972 Criminal Session of Superior Court held in GUILFORD County.

Defendants were tried together upon separate bills of indictment charging them with conspiring with each other and with Tommy Lee Tinsley for the purpose of murdering Raymon McMiller.

Only the State offered evidence. Raymon McMiller testified that he and defendant Mary Robinson were married in 1959 and lived together thereafter for about ten or eleven years. A marriage certificate showing the date of the marriage as 1 October 1959 was received in evidence. McMiller stated that he never obtained a divorce from feme defendant, and no evidence of a divorce having been obtained by either party was introduced. However, the State introduced a marriage certificate showing that a ceremony was conducted in the State of South Carolina on 27 July 1971 purporting to unite defendants in marriage.

McMiller testified that he saw defendants riding in a car together on 23 July 1971. They stopped in front of McMiller's house and Robinson stated, "I'm going to shut your mouth up." He had a chrome plated pistol but stated, "I don't need my gun." Robinson struck McMiller and before getting into the car and leaving said, "I'll get you yet."

In the early morning hours of 24 July 1971, McMiller answered a knock at his front door. He recognized the person at the door as Tommy Tinsley, a male. Tinsley had on a wig and was dressed like a woman. McMiller recognized the wig as one he had given feme defendant. Tinsley stated, "Man, my car is knocked out, and I need somebody to help me fix it, bad." McMiller replied that he couldn't help. Tinsley then asked for a match. McMiller gave the following description of what then occurred: "So I reached in my pocket and handed him the match. . . . He had a pocketbook, and he kept fumbling in it. And so I kind of pushed the door together a little bit. And so when I pushed it up, he pulled out the little, chrome-plated pistol and started shooting and shot through the door three times. He shot through my door. When I heard the gun shooting, I closed the door. After I closed the door, I ran back to my room and I got my shotgun and then I called across the street to my neighbors and asked them to call the police officers."

Tommy Tinsley testified that defendants dressed him as a woman, took him to McMiller's house and ordered that he kill McMiller. Restony Robinson stood across the street with a gun

pointed at Tinsley while Tinsley talked with McMiller. Feme defendant remained in the car outside McMiller's house. Before Tinsley fired at McMiller, Robinson told him, "Go ahead on. What you waiting on." Tinsley stated that Robinson furnished him with the gun and a lady's pocketbook to put it in. Feme defendant shaved off Tinsley's mustache, put the wig on him, and assisted him in dressing as a woman. According to Tinsley, Robinson said the reason he wanted McMiller killed was that McMiller repeatedly had Robinson locked up about his wife.

The jury found both defendants guilty as charged. They appeal from judgments imposing imprisonment.

*Attorney General Morgan by Assistant Attorney General Briley for the State.*

*Flye, Johnson and Barbee by Walter T. Johnson, Jr., for defendant appellants.*

GRAHAM, Judge.

[1] Defendants assign as error the denial of their motion for a bill of particulars made on 4 January 1972, the date on which the case was set for trial peremptorily as the first case.

Although defendants were arrested four months previously and were given a preliminary hearing on 6 September 1971, no motion was made for a bill of particulars and no request was made of the solicitor for information until court opened on 4 January 1972. The peremptory setting for that date was prompted by a previous continuance made necessary when defendants requested the discharge of their second court-appointed attorney and asked for a continuance in order to obtain counsel of their own choosing. Counsel first appointed to represent defendants had also been discharged at their request but remained willing and available to assist in apprising counsel subsequently obtained as to information he had with respect to the State's case. He had represented defendants at the preliminary hearing and had subsequently filed several motions on their behalf.

After finding the above facts, and others, the trial judge denied defendants' motion in his discretion. We affirm his order. The motion was addressed to the discretion of the trial judge, G.S. 15-143, and his ruling thereon is not subject to review, except for palpable and gross abuse thereof. *State v.*

State v. Robinson

*Vandiver,* 265 N.C. 325, 144 S.E. 2d 54. No abuse of discretion is shown.

Defendants contend the court erred in allowing in evidence various portions of McMiller's testimony. The record does not show that this testimony was objected to at the trial or that any motion was made to strike it. Moreover, we are of the opinion that the testimony complained of would have been admissible even if objection had been properly imposed.

[2, 3] Defendants bring forth one exception to the charge, contending that the court improperly charged the jury that they must find both defendants guilty or both of them not guilty. An instruction to this effect might have been appropriate if defendants had been the only ones named in the bill of indictment, because when all conspirators are acquitted except one, the one convicted is entitled to his discharge. *State v. Littlejohn,* 264 N.C. 571, 142 S.E. 2d 132. Here, however, defendants were charged with conspiring with Tinsley as well as with each other. Hence, the jury could have found one of them guilty and the other not guilty on the theory that the guilty party conspired with Tinsley while the other party conspired with no one. However, upon reading the entire charge contextually, as we are required to do, *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476, we do not find that the court instructed the jury as defendants contend. We do not see how the charge as given could have left the jury with the impression that the conviction of one defendant necessitated the conviction of the other. The court gave separate instructions as to the findings necessary to convict each defendant, and carefully instructed the jury as to the possible verdicts that could be returned as to each defendant. We hold that the charge does not contain prejudicial error.

[4] Other assignments of error relate only to the appeal of feme defendant. She contends that it was error for the court to permit Raymon McMiller to testify against her. Her position is that the State's evidence shows her to be the spouse of McMiller, and that the provisions of G.S. 8-57 therefore render him an incompetent witness against her.

In commenting on G.S. 8-57, Justice Bobbitt (now Chief Justice) stated for the Supreme Court in the case of *State v. Alford,* 274 N.C. 125, 161 S.E. 2d 575:

"No statute provides that a husband is not a competent witness against his wife or that a wife is not a competent witness against her husband in any criminal action or proceeding. The statute now codified as G.S. 8-57, and the statutes on which it is based, simply provide that the rules of the common law with reference to whether a husband is competent to testify against his wife or a wife is competent to testify against her husband in a criminal action or proceeding are unaffected by these statutes. . . . "

The opinion in *Alford* collects and summarizes many of the cases relating to exceptions to the general common law rule that one spouse is not a competent witness against the other in a criminal proceeding. It appears from these authorities that an exception to the general rule is applicable where one spouse is tried for a felony committed against the other spouse. For instance, in discussing exceptions to the common law rule, the Supreme Court stated in *State v. Hussey*, 44 N.C. 123: "The rule, as we gather it from authority and reason, is, that a wife may be a witness against her husband for felonies perpetrated, or attempted to be perpetrated on her. . . . " See also *State v. Alderman*, 182 N.C. 917, 110 S.E. 59, where the husband was held a competent witness to testify against his wife upon her trial for attempting to murder him by poisoning.

Feme defendant in this case was charged with a serious felony which she and others allegedly perpetrated against the man she contends is her husband. The public's interest in having her brought to justice far outweighs any conceivable interest the public might have in precluding McMiller from testifying against her. We hold that he was a competent witness.

[5] Feme defendant also contends that the court erred in failing to instruct the jury that there is a rebuttable presumption that she acted under the influence or coercion of her husband, Restony Robinson. There is authority in this State that where a married woman has committed a criminal act in the presence of her husband, a rebuttable presumption arises that she was acting under his influence or coercion. *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915.

We note that feme defendant contends she is the wife of McMiller for purposes of one assignment of error and the wife of Restony Robinson for purposes of another. Conceding

for purposes of argument that the evidence would permit the jury to find that defendants were lawfully married, we nevertheless hold that the presumption in question was not available here. "When on trial for murder or treason, the wife is almost universally denied the benefit of the presumption that she was coerced." 35 N.C.L. Rev. 104. See also Stansbury, N.C. Evidence 2d, § 245 at p. 597. It stands to reason that if the presumption is not available in a trial for murder, it is likewise not available in a trial for conspiracy to commit murder.

We have carefully reviewed all of defendants' assignments of error and conclude that they had a fair trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.