STATE OF NORTH CAROLINA v. RICHARD M. MARTIN AND LEON JACKSON SMITH

No. 7317SC87

(Filed 31 January 1973)

1. **Criminal Law § 83— rape of wife by husband — competency of wife's testimony**

Where defendant Smith physically restrained his wife and forced her to have sexual intercourse with defendant Martin, Smith was subject to indictment for rape, and his wife was a competent witness for the State against her husband in a prosecution for that felony perpetrated or attempted to be perpetrated on her.

2. **Criminal Law § 124— verdict in improper language — rephrasing by clerk — no error**

The verdict that defendants were guilty of "attempt of rape on a female and assault on a female," though phrased in improper language, was made perfect when the clerk rephrased the verdict as guilty of "assault with intent to commit rape" and asked the jury if that was their verdict.

APPEAL by defendants from *Crissman, Judge,* 26 June 1972 Criminal Session of ROCKINGHAM Superior Court.

Defendants Martin and Smith were tried on separate bills of indictment charging them with the rape of Eva Mae Smith, the wife of defendant Leon Jackson Smith.

The evidence presented by the State tended to show that on the night of 27 February 1972 Smith and his friend, Martin, had been drinking; that they went to Smith's house, wherein Smith's wife, the prosecuting witness, and their three children were residing; that Smith held his wife and threatened to harm her if she did not submit to having sexual intercourse with defendant Martin; and that she resisted, but being fearful of her husband, and physically restrained by him, Martin engaged in sexual intercourse with her.

The jury having found both defendants guilty, judgment was entered reciting that both defendants had been found guilty of assault with intent to commit rape. Defendant Martin was sentenced to imprisonment for a term of five years; defendant Smith was sentenced to imprisonment for a term of twelve years.

*Attorney General Robert Morgan by Assistant Attorney General Eugene Hafer for the State.*

*Gwyn, Gwyn & Morgan by Melzer A. Morgan, Jr., for defendant appellant Martin.*

*Benjamin R. Wrenn for defendant appellant Smith.*

CAMPBELL, Judge.

[1]   Defendant Smith contends that the court erred in allowing his wife to testify as a witness against him in the criminal prosecution. While it is true that one spouse may not be a competent witness against the other in a criminal prosecution *(State v. Alford,* 274 N.C. 125, 161 S.E. 2d 575 (1968)), there are both common law and statutory exceptions to this common law rule, which exceptions have arisen out of unusual factual circumstances.

The instant case is just such an unusual factual circumstance. One who is present, aiding and abetting in a rape actually perpetrated by another is equally guilty with the actual perpetrator of the crime. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). Thus, a woman, who is physically incapable of committing rape upon another woman, may be convicted of rape where she aids and abets a male assailant in the rape of another woman. *State v. Jones,* 83 N.C. 605 (1880).

Just as a woman is *physically* incapable of raping another woman, but may still be convicted of the rape of a woman, so

a husband is *legally* incapable of raping his wife, but may be convicted of the rape of his wife. A husband who counsels, aids, or abets, assists or forces another to have sexual intercourse with his wife, or forces her to submit to sexual intercourse with another, is guilty of rape. *Elliott v. State,* 190 Ga. 803, 10 S.E. 2d 843 (1940); *People v. Damen,* 28 Ill. 2d 464, 193 N.E. 2d 25 (1963); *State v. Drope,* 462 S.W. 2d 677 (Mo. 1971); *Cody v. State,* 376 P. 2d 625 (Okla. Crim. 1962); *State v. Blackwell,* 407 P. 2d 617 (Or. 1965); *Kitchen v. State,* 101 Tex. Crim. 439, 276 S.W. 252 (1925); *State v. Digman,* 121 W.Va. 499, 5 S.E. 2d 113 (1939); Annot., Rape By Husband, 84 A.L.R. 2d 1017 (1962).

In *State v. Dowell,* 106 N.C. 722, 11 S.E. 525 (1890), there is found the following:

"... It is true that [the husband] may enforce sexual connection, and, in the exercise of this marital right, it is held that he cannot be guilty of the offense of rape. But it is too plain for argument, that this privilege is a personal one only. Hence if, as in *Lord Audley's case,* 3 Howard State Trials, the husband aids and abets another to ravish his wife, he may be convicted as if he were a stranger. The principle is thus tersely expressed by Sir Matthew Hale: 'For though in marriage she hath given up her body to her husband, she is not to be by him prostituted to another.' ... " 106 N.C. 722 at 724, 11 S.E. 525 at 525.

The full text of Lord Hale's statement, part of which was set out in the cited passage from *State v. Dowell, supra,* is found in 84 A.L.R. 2d, *supra,* at 1023:

"As set forth by Lord Hale, 'A. the husband of B. intends to prostitute her to a rape by C. against her will, and C. accordingly doth ravish her, A. being present, and assisting to this rape: in this case these points were resolved, 1. That this was a rape in C. notwithstanding the husband assisted in it, for tho in marriage she hath given up her body to her husband, she is not to be by him prostituted to another. 2. That the husband being present, aiding and assisting, is also guilty as a principal in rape, and therefore, altho the wife cannot have an appeal of rape against her husband, yet he is indictable for it at the king's suit as a principal. 3. That in this case the wife may be a witness against her husband, and accordingly she was ad-

State v. Martin

mitted, and A. and C. were both executed.' 1 Hale PC 629, 630, citing Lord Audley's Case (1631, Eng) 3 How St Tr 401, where the defendant, having by force compelled his wife to submit to intercourse with his servant, was convicted of rape." [Footnote omitted.]

*Lord Audley's Case* was mentioned with approval in *State v. Hussey*, 44 N.C. 123 (1852), in which the Supreme Court observed that the case involved "an atrocious felony" upon the wife, distinguishing that situation from a simple assault. The Court then held that the rule is that a wife may be a witness against her husband for felonies perpetrated, or attempted to be perpetrated on her. Rape is certainly a felony, as is assault with intent to commit rape, and when it is a criminal injury inflicted upon the wife by her husband under circumstances which make him subject to indictment, the wife is a competent witness for the State against her husband in a prosecution for the rape.

[2]  Both defendants contend that the court committed prejudicial error in accepting the jury's verdict, which event transpired in the following manner:

"CLERK: (To jury) Members of the jury, have you reached a verdict?

FOREMAN: We have.

CLERK: How do you find the defendant, Leon Jackson Smith, guilty of rape with a recommendation for life imprisonment, Two, guilty of an assault with intent to commit rape, Three, guilty of an assault on a female, or Fourth, not guilty?

FOREMAN: *We find the defendant guilty of attempt of rape on a female and assault on a female.*

CLERK: That is the second charge. You find the defendant, Leon Jackson Smith, guilty of assault with intent to commit rape?

FOREMAN: That is correct.

CLERK: That is your verdict, so say you all?

JURY: Yes, sir." (Emphasis added.)

With regard to Martin's verdict, the jury foreman responded that "We found them both guilty of the same charge."

State v. Martin

In *State v. Adams,* 214 N.C. 501, 199 S.E. 716 (1938), defendant was tried on a bill of indictment charging him with assault with intent to commit rape. The jury returned a verdict of ". . . guilty of an assault on a female with attempt to commit rape, as charged in the bill of indictment." In finding no error, the Supreme Court held:

"In *S. v. Hewett,* 158 N.C., 627 (629), we find: 'Thus we see that practically all definitions of an attempt to commit a crime, when applied to the particular crime of rape, necessarily imply and include "an intent" to commit it. There may be offenses when in their application to them there is a distinction between "attempt" and "intent", but that cannot be true as applied to the crime of rape. There is no such criminal offense as an "attempt to commit rape." It is embraced and covered by the offense of "an assault with intent to commit rape," and punished as such.' " 214 N.C. 501, 503, 199 S.E. 716, 718 (1938).

We hold that the verdict in the instant case, that the defendants are guilty of "attempt of rape on a female and assault on a female," while phrased in improper language, was not incomplete, insensible, or repugnant, and that it was made perfect by permissible inquiry by the clerk.

The jury foreman, having in effect, but not in proper language, rendered a verdict of guilty of assault with intent to commit rape, it was proper for the clerk to rephrase the verdict in the proper language, and to ask the jury if that was their verdict. "What transpired simply spelled out what the jury had agreed upon as its verdict." *State v. Sears,* 235 N.C. 623, 626, 70 S.E. 2d 907, 910 (1952).

Rather than suggesting a verdict, the clerk merely made an inquiry as to what form of verdict the jury had previously agreed upon. All the jurors answered that inquiry in the affirmative. A verdict should be taken in connection with the issue being tried, the evidence, and the charge. The record contains no proof that the clerk dictated or suggested what the verdict should be; there is sufficient evidence to have sustained a conviction of the rape charge; and the court's instructions are free from prejudicial error. *Davis v. State,* 273 N.C. 533, 160 S.E. 2d 697 (1968). That the jury was not polled is not reversible error because there was no irregularity in the taking of the verdict.

Upon consideration of the defendants' other assignments of error, we find no prejudicial error.

No error.

Judges BROCK and GRAHAM concur.