**Algeroy ROZELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46679.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

James D. Durham, Jr., Amarillo, for appellant.

Andy Shuval, Dist. Atty., Hereford, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. The punishment was assessed by the jury at 99 years.

The proof shows that the prosecutrix was the wife of the appellant who was charged and convicted as a principal.

Appellant contends that the evidence is insufficient to support the conviction and that he was denied effective assistance of counsel. He also contends that a new trial should be granted because his co-principal was acquitted and that he could not be guilty for the rape of his wife. We affirm.

Doris Ann Rozell testified that on the night in question her husband came home about 9:00 o'clock and asked her to go to bed with him. When she refused, the appellant left and returned within about forty minutes with Alvin Black. Appellant asked her to go to bed with Black. She refused and the appellant jerked off her housecoat and pushed her on the bed. He hit her and then held her legs while Black had intercourse with her. Then as the appellant left with Black he told his wife that he would kill her if she left. He returned within twenty minutes, beat her up and then went to sleep. She then went to Marie Miller, manager of the apartment house where the Rozells lived, and told her, "Al did it again." Mrs. Miller called the police. When the officers arrived, the appellant fought with them. The jury had sufficient evidence to conclude that the appellant was guilty.

He contends that since Black was acquitted for the crime of rape upon Mrs. Rozell, the appellant cannot be convicted for the rape of his wife. No case has been cited to support appellant's contention. The State answers that Black was acquitted after the trial in the present case. Assuming that the question is properly before us, it will be discussed.

■ Article 65, Vernon's Ann.P.C., provides that all persons are principals who are guilty of acting together in the commission of an offense. Article 67, V.A.P.C., provides:

"All persons who shall engage in procuring aid, arms or means of any kind to assist in the commission of an offense, while others are executing the unlawful act, . . . ."

A person acting with another may be convicted of a crime he could not otherwise commit. For instance, a woman may be convicted for the offense of rape where she is acting as a principal with a man who commits it. Coots v. State, 110 Tex. Cr.R. 105, 7 S.W.2d 539. This Court has held that a husband cannot be guilty of rape of his wife where he by himself forcibly has an act of intercourse with her, Duckett v. State, 149 Tex.Cr.R. 100, 191 S. W.2d 879; Frazier v. State, 48 Tex.Cr.R. 142, 86 S.W. 754, but if he acts as a co-principal with another man who ravishes his wife, he may be convicted of the rape as a principal. Kitchen v. State, 101 Tex. Cr.R. 439, 276 S.W. 252.

■ It is argued that since Black was acquitted no crime was committed. Although there is no statute providing for dismissal if one principal is acquitted, there is such a provision where the accused has been charged as an accessory and the principal has been acquitted. Article 81, V.A. P.C. Article 80, V.A.P.C., provides that an accomplice may be tried and punished before the conviction of the principal and the acquittal of the principal shall not bar the prosecution against the accomplice, but on the trial of an accomplice the evidence must be such as would have convicted the principal.

■ On the same principle that one can be convicted as a principal for a crime that he could not otherwise commit, one may be convicted as an accomplice even though he could not be convicted of the crime committed by the principal. See Volume 1, Vernon's Annotated Penal Code XIII, "The Law of Principals, Accomplices and Accessories" by Morrison and Blackburn. An accomplice is not entitled to a new trial or reversal just because a subsequently tried principal has been ac-

quitted. Tucker v. State, Tex.Cr.App., 461 S.W.2d 630; Arnold v. State, 9 Tex.App. 435.[1]

■ Further, we hold that a subsequent acquittal of a principal of the crime which a co-principal could not commit does not by itself entitle a convicted co-defendant to a new trial. Another jury often has different evidence involving a single transaction. Different juries could reach opposite results on the same evidence.

In a supplemental brief, counsel on appeal contends that appellant had inadequate representation and that trial counsel had been suspended from the practice of law after the trial. There is no assertion that counsel's conduct during the trial had anything to · do with the suspension. The record does not reflect inadequate representation.

No reversible error has been shown. The judgment is affirmed.

ROBERTS, Judge (concurring).

I concur in the result reached, but would add a few brief remarks concerning appellant's grounds of error.

Throughout his brief, appellant refers to the fact that he was indicted and convicted of the crime as an accomplice. This is totally incorrect as the record clearly reflects that appellant was charged and convicted as a principal to the offense.

Also, the majority opinion correctly points out that there is no statute in our State which authorizes the discharge of the remaining principals if one principal is acquitted. The unsoundness of such a proposition is well illustrated by the very case we now face. Suppose that at the trial of the co-defendant Black, he showed that he was, in fact, a principal to the crime, but then raised an affirmative defense, such as duress. The point is, we cannot arbitrarily assume that the same exact evidence was presented to the jury in the Black trial as here, and therefore, since that jury found Black to be innocent, the jury in this case must have been wrong. The testimony in the Black trial is not before us; what we do have before us is a record which supports the verdict of guilty, *in this case*. Appellant himself testified at the punishment hearing that he was guilty of the offense charged. Such testimony is not easily overlooked.

I would further address myself to a ground raised by appellant which is not discussed by the majority. Appellant contends that he was denied the right to counsel at critical stages. i. e., while he was being detained pending trial. The record before us reflects that a capias was issued for appellant on July 9, 1971; the capias was executed with the arrest of appellant on August 3, 1971. On August 5, 1971, appellant swore that he was without funds to employ an attorney, and requested that one be appointed. Though the record does not contain a formal order appointing an attor-

---

1. Prior to Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and the repeal of Article 82, V.A.P.C., Acts 1971, page 1752, Chapter 659, a co-defendant was not competent to testify for a defendant, questions arose concerning the right to a new trial to obtain such testimony.

In Branch's Ann.P.C.2d, Section 762, page 59, it is written:

"Where two defendants are jointly indicted and one is tried and convicted, and subsequently the other is tried and acquitted or the prosecution against him is dismissed, in a proper case a new trial will be granted the former to enable him to obtain the testimony of the latter, where it appears that the new evidence which the law had formerly placed beyond his reach is legal and competent and material to his defense."

The appellant did not allege in the trial that he was entitled, or wanted, to obtain the testimony of Black. If he could have obtained such testimony, it would have served little or no purpose, because the appellant testified at the penalty stage of the trial that he was guilty. His testimony could be introduced in the event of another trial. See Richardson v. State, Tex.Cr.App., 458 S.W.2d 665; Boothe v. State, Tex.Cr.App., 474 S.W.2d 219.

ney, we do note that on August 19, 1971, appellant's attorney filed a motion before the court. Appellant makes no contention that a lack of counsel from August 5 to August 19 deprived him of legal advice at any time or that interrogations took place at that time when he was without counsel. Also, it appears that this alleged error was never brought to the attention of the trial court.

I concur.