STATE OF NORTH CAROLINA v. THOMAS MAY AND REGINALD GATLIN

No. 743SC204

(Filed 5 June 1974)

Criminal Law § 126— incomplete verdict — question by clerk — acceptance of verdict
  Where the jury foreman stated the verdict as "Guilty of controlled substance, marijuana," omitting the word "possession," the clerk then asked, "Guilty of possession of a controlled substance, marijuana? And this is your verdict, so say you all?" and the jury responded, "Yes, sir," the clerk did not improperly suggest a verdict to the jury and a verdict of guilty of possession of marijuana was properly accepted by the court.

APPEAL by defendants from *Rouse, Judge,* 1 October 1973 Session of Superior Court held in PITT County.

Defendants, Thomas May and Reginald Gatlin, were separately indicted for the felonious possession with intent to distribute the controlled substance marijuana.

The State offered evidence indicating that two Greenville police officers observed the defendants as they discarded several small envelopes containing vegetable matter which the defense stipulated was marijuana.

Defendants offered no evidence. The jury found each defendant guilty of possession of a controlled substance, marijuana, and each was sentenced to a prison term of six months.

Defendants appealed.

*Attorney General Robert Morgan by H. A. Cole, Jr., Assistant Attorney General, for the State.*

*Laurence S. Graham and Nelson B. Crisp, attorneys for defendant appellants.*

VAUGHN, Judge.

Since defendant May brings forward no assignments of error, his appeal only raises the question of whether error appears on the face of the record. *State v. McIlwain,* 279 N.C. 469, 183 S.E. 2d 538. Defendant was tried under an indictment proper in form by a duly constituted court, the verdict supports the judgment, and defendant was sentenced to a prison term within the applicable statutory limits.

Defendant Gatlin's only argument is that he contends the verdict does not support the judgment against him. Defendant bases his argument on the fact that the jury foreman stated the verdict as "Guilty of controlled substance, marijuana," omitting the term "possession." The clerk then asked "Guilty of possession of a controlled substance, marijuana? And this is your verdict, so say you all?" The jury response was "Yes, sir." We hold that the verdict supports the judgment. A jury's pronouncement is not a verdict until it is accepted by the court. *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651. Since the foreman's initial statement which failed to refer to possession was not accepted without clarification, it was not a verdict. Moreover, contrary to defendant's assertions, the clerk did not improperly suggest a verdict to the jury but rather asked a question. *See Davis v. State,* 273 N.C. 533, 160 S.E. 2d 697; *State v. Martin,* 17 N.C. App. 317, 194 S.E. 2d 60, *cert. den.,* 283 N.C. 259. When the sequence upon which defendant's objection is based is considered in terms of the issue being tried and the evidence, it is apparent that the jury intended to convict the defendant of something. The clerk's inquiry and the jury's response enabled the court to determine precisely what that something was. *See Davis v. State, supra; State v. Sears,* 235 N.C. 623, 70 S.E. 2d 907. We also note that defendant declined to exercise his right to poll the jury.

We find no prejudicial error in the trials from which defendants appealed.

No error.

Judges CAMPBELL and MORRIS concur.